FILED

DEC 1 2 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RODNEY JOE GARRETT, JR.,** | § | |
| **TDCJ No. 02006370,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **SA-18-CV-00518-OLG** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Rodney Garrett, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated assault on a public servant with a deadly weapon. Having considered the Petition (ECF No. 1), Petitioner's memoranda in support of his petition (ECF Nos. 6 & 10), Respondent's Answer (ECF No. 11), Petitioner's Reply (ECF No. 14), the record (ECF Nos. 12 & 13), and applicable law, the Court finds the petition should be **DENIED**. Petitioner is also denied a certificate of appealability.

### Background

On February 11, 2014, Derek Branning was driving north on Interstate 35 when he recognized a white semi-truck that had been stolen from his workplace several weeks earlier. Branning called 9–1–1 and continued to follow the truck until law enforcement officers arrived.

Bexar County Sheriff's Office ("BCSO") Deputy Derrick Crawford had been working patrol in his marked police vehicle when he was dispatched for the vehicle theft in progress. Crawford encountered the truck and Branning on Interstate Loop 410. Crawford positioned his vehicle behind the truck and activated his overhead red-and-blue lights. The truck did not stop. Rather, Garrett drove the truck through a ditch and across a grassy median onto the access road.

Garrett then drove through an intersection, disregarded a stop sign, and drove through the grassy median back onto Loop 410. Crawford maintained pursuit.

Eventually, the truck slowed as though to pull over. Rather than stopping, Garrett stepped partially out of the truck's cab and pointed a shotgun at Crawford. Crawford braked and saw a muzzle flash as he leaned over to take cover. Crawford heard shotgun pellets hit his vehicle. When Crawford sat up, he saw Garrett re-enter the truck's cab and drive away. Crawford continued pursuit.

The pursuit continued for approximately twenty miles, reaching speeds of eighty-five to ninety miles per hour. Garrett travelled on both the highway and access roads, crossed over concrete curbs and through ditches and medians, ignored stop signs, and drove through red lights. . . . Garrett shot at Crawford three more times. Each time, Crawford ducked behind his computer terminal and heard shotgun pellets hit his vehicle. . . .

Finally, Garrett crossed another median and drove the truck into a shopping mall parking lot. As the truck slowed, Garrett jumped from the cab, dropped the shotgun, and ran into a department store. The deputies pursued Garrett on foot into the department store, where they found Garrett attempting to conceal himself behind a display rack.

The subsequent indictment charged Garrett with one count each of the offenses of alleged attempted capital murder and aggravated assault of a public servant with a deadly weapon. The State proceeded to trial on only the allegation of aggravated assault. A jury found Garrett guilty, and based on the jury's recommendation, the trial court sentenced Garrett to thirty-four years' imprisonment.

*Garrett v. State*, No. 04-15-00289-CR, 2016 WL 2936378, at *1 (Tex. App.—San Antonio 2016, no pet.). Petitioner did not testify at either phase of his trial. The jury deliberated for a little more than two hours before reaching a guilty verdict, and for approximately five hours on punishment. (ECF No. 12-1 at 95-96, 112-13; ECF No. 12-12 at 154, 158).

Petitioner appealed, asserting the trial court erred by including a jury instruction on the permissive presumption contained in Texas Penal Code § 22.02(c),[1] arguing there was no evidence to support the finding that Deputy Crawford was wearing a distinctive police uniform or badge. He further alleged the evidence was insufficient to sustain his conviction because the State failed to prove he intended to cause bodily injury to Deputy Crawford, and that the trial court erred by sustaining the State's objections to questions posed to Petitioner's mother during the punishment hearing. (ECF No. 12-14 at 4). The Fourth Court of Appeals affirmed the trial court's judgment and Petitioner did not seek discretionary review. *Garrett*, 2016 WL 2936378, at *1.

Petitioner sought a state writ of habeas corpus, alleging ineffective assistance of trial and appellate counsel, and claims of trial court error. (ECF No. 13-6 at 2-17; ECF No. 13-7 at 2-14; ECF No. 13-8 at 1-3). The habeas trial court, which was not the convicting court, made findings of fact and recommended the writ be denied. (ECF No. 13-35 at 10-15). The Texas Court of Criminal Appeals denied the writ without written order. (ECF No. 12-33).

### **Federal Habeas Claims**

In his federal habeas petition Petitioner contends he is entitled to relief because:

1. He was denied his right to self-representation;

2. Trial counsel was ineffective for failing to argue Petitioner's motion for self-representation;

3. Trial counsel was ineffective for violating Petitioner's right to a public trial;

---

[1] This section provides:
(c) The actor is presumed to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer.

4. Trial counsel was ineffective for failing to file a motion in limine prohibiting the prosecution from alluding to the "waived and abandoned capital offense until the jury has been excused and the State has made a proffer of the expected testimony;"

5. Trial counsel was ineffective for failing to challenge a juror for cause;

6. Trial counsel was ineffective for failing to request a "beyond a reasonable doubt" instruction on extraneous offenses during the guilt phase of trial;

7. Trial counsel was ineffective for failing to ensure that the State fully redacted the theft charge from an indictment presented as an exhibit during punishment;

8. Trial counsel was ineffective for failing to investigate the State's punishment case and failing to present mitigating evidence;

9. Trial counsel was ineffective for failing to object to the State's closing argument during the punishment phase;

10. Trial counsel was ineffective for failing to request that the jury be required to find he committed the extraneous offenses beyond a reasonable doubt before considering them in its sentencing deliberations;

11. The cumulative effect of trial counsel's errors deprived him of due process and a fair trial;

12. The trial court erred by failing to ensure the State redacted his theft conviction from the exhibit presented during punishment;

13. The trial court erred by failing to sua sponte instruct the jury it must find Petitioner committed the extraneous offenses beyond a reasonable doubt during the guilt phase of trial;

14. The trial court erred by failing to sua sponte instruct the jury it must find he committed the extraneous offenses beyond a reasonable doubt during the punishment phase of trial;

15. The cumulative effect of the trial court's errors violated his right to due process and a fair trial;

16. Appellate counsel was ineffective for failing to raise the denial of Petitioner's request to represent himself on appeal;

17. He was denied his right to a public voir dire;

4

18. Appellate counsel was ineffective for failing to assert the above-listed claims of trial court error.

Respondent allows the petition is timely and not successive, and that Petitioner exhausted his federal habeas claims in the state courts. (ECF No. 11 at 6-7).

## Analysis

### A. Standard of Review

#### 1. The Antiterrorism and Effective Death Penalty Act of 1996

Petitioner's claims are governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. *Pape v. Thaler*, 645 F.3rd 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010).

A federal habeas court's inquiry into the reasonableness of a state court's decision should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable," and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). As long as "fairminded jurists could disagree" on the correctness of the state court's decision, the state court's determination that a claim lacks merit precludes federal habeas relief. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### 2. Ineffective Assistance of Counsel

Sixth Amendment claims concerning the alleged ineffective assistance of counsel are evaluated under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a petitioner must demonstrate counsel's performance was deficient and this deficiency prejudiced his defense. *Id.* at 687-88, 690. When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Id.* at 687-89. "The reviewing court must strongly presume that counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (internal quotation marks omitted). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* claims are mixed questions of law and fact, analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (internal quotations omitted). Furthermore, because *Strickland* is a general standard, "'a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.'" *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Richter*, 562 U.S. at 105 ("The *Strickland* standard is a general one, so the range of reasonable applications is substantial."). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009).

**B. Merits**

### 1. *Faretta* claim

Petitioner asserts he was denied his right to self-representation. (ECF No. 1 at 6). He alleges he submitted a written motion invoking this right, but the trial court "never resolved the motion." (*Id.*). He raised this claim in his state habeas action. (ECF No. 13-6 at 2). The state habeas trial court found, as a matter of fact, that Petitioner "failed to urge his motion for self-representation," noting the record supported this finding. (ECF No. 13-35 at 12). The state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). Although not explicitly adopted by the Court of Criminal Appeals, the habeas trial court's factual findings are entitled to this presumption of correctness because they are not "directly inconsistent" with the

appellate court's denial of relief. *See Murphy v. Davis*, 901 F.3d 578, 595-96 (5th Cir. 2018), *petition for cert. filed*, (Nov. 20, 2018) (U.S. No. 18-674).

The state court's denial of this claim was not an unreasonable application of clearly established federal law. A criminal defendant has a Sixth Amendment right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 807 (1975). Unlike the Sixth Amendment right to counsel, which is in effect until waived, the right to self-representation is not effective until asserted. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982). The demand to defend pro se must be stated unequivocally. *Faretta*, 422 U.S. at 835. "In the absence of a clear and knowing election, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense." *Brown*, 665 F.2d at 610. *See also Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). Additionally, "[e]ven if defendant requests to represent himself . . . the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." *Brown*, 665 F.2d at 611. Whether a defendant waived his right to represent himself is a determination of fact, which is entitled to deference when made by the state court. *Batchelor v. Cain*, 682 F.3d 400, 407 (5th Cir. 2012).

Petitioner's request for self-representation is contained in a pro se pleading captioned as a "Motion for Order." (ECF No. 12-1 at 54). This motion was docketed along with two pro se "petitions" for a writ of habeas corpus, seeking his immediate release from detention because of the conditions of his confinement (ECF No. 12-1 at 39-41, 45-46); a pro se motion for discovery (ECF No. 12-1 at 48–51); and an additional pro se "Motion for Order," protesting the conditions of his confinement and a lack of access to legal materials (ECF No. 12-1 at 52-53). None of the

8

pro se motions were proper because, at that time, Petitioner was represented by counsel. *See,*
*e.g., Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977). Accordingly, the state
habeas trial court could reasonable find Petitioner failed to "unequivocally" assert his *Faretta*
rights because the only mention of his desire to represent himself was a single improper pro se
motion. Additionally, the state habeas trial court could properly find Petitioner abandoned his
request to self-representation because he never communicated his desire to represent himself to
the trial court during the eight-month period between his pro se *Faretta* motion and trial.
Petitioner did not urge the motion in his pretrial hearings. (ECF No. 12-6; ECF No. 12-7).
Instead of asserting his right to self-representation at these hearings, Petitioner acquiesced to his
counsel's statements that he represented Petitioner. (*Id.*) Furthermore, on the first day of trial,
defense counsel put Petitioner on the stand to testify that he had discussed the indictments, a plea
offer, his right to testify, and his right to have a judge rather than a jury determine punishment,
indicating Petitioner had been fully apprised of all his trial rights and made conscious decisions
on the exercise of those rights. (ECF No. 12-9 at 17-18). Accordingly, the state court's rejection
of Petitioner's *Faretta* claim was not an unreasonable application of federal law because, even if
he "unequivocally" asserted this right, the state court could reasonably have found he abandoned
the right by acquiescing to counsel's representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 183
(1984); *Lefevre v. Cain*, 586 F.3d 349, 355-56 (5th Cir. 2009); *Brown*, 665 F.2d at 611; *Werth v.*
*Bell*, 692 F.3d 486, 497 (6th Cir. 2012).

### 2. Ineffective assistance of trial counsel – *Faretta claim*

Petitioner alleges his trial counsel was ineffective for failing to argue Petitioner's motion
for self-representation. (ECF No. 1 at 6). This claim was raised and rejected in his state habeas
action. (ECF No. 13-35 at 10). Petitioner's trial counsel filed an affidavit in the state habeas

action, stating: "Defendant never voiced any interest in self representation either before or at any time during his trial. There was never any indication that Defendant wanted to represent himself at any time." (ECF No. 13-36 at 1). The habeas trial court found counsel's affidavit credible, and based on the affidavit and the record the court concluded Petitioner "failed to urge his motion for self-representation." (ECF No. 13-35 at 12).

The habeas court's factual findings with regard to this claim are supported by the record in this matter. Because the record indicates Petitioner did not urge his counsel to assert his *Farretta* rights, counsel's performance was not below prevailing professional norms for failing to do so. Because Petitioner abandoned his pro se request to assert his *Faretta* rights, he is unable to show any prejudice arising from counsel's alleged failure to assert those rights on his behalf.

### 3. Ineffective assistance of trial counsel – public trial

Petitioner asserts trial counsel was ineffective for violating Petitioner's right to a public trial. (ECF No. 1 at 7). This claim was raised and rejected in his state habeas action. (ECF No. 13-35 at 11). Petitioner's trial counsel addressed this claim in his state habeas affidavit, stating: "Counsel was informed by the Court that there would be no available seats for spectators due to the number of jurors to be empaneled. Counsel informed [the] family of the Defendant of this and explained the process of jury selection to them. They voiced no desire to attend Voir Dire . . ." (ECF No. 13-36 at 1). The habeas trial court found "the family was not improperly excluded from voir dire. Further, there is no request or objection in the trial record regarding members of the public being excluded from the courtroom." (ECF No. 13-35 at 12).

Petitioner has not met his burden of establishing counsel failed to raise a meritorious argument, nor has he demonstrated prejudice. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911

(2017) (holding prejudice is not presumed when a defendant raises a violation of right to a public trial on a claim of ineffective assistance). Petitioner has not rebutted the state court's implicit determination of fact that his trial was not closed to the public with clear and convincing evidence. Accordingly, the state court's denial of this claim was not clearly contrary to or an unreasonable application of *Strickland*.

### 4. Ineffective assistance of counsel – motion in limine

Petitioner argues trial counsel was ineffective for failing to file a motion in limine prohibiting the prosecution from alluding to the "waived and abandoned capital offense until the jury has been excused and the State has made a proffer of the expected testimony." (ECF No. 1 at 7). He asserts Deputy Crawford improperly testified: "the subject has already committed a capital offense." (ECF No. 1 at 7, citing 8 RR 82).[2] This claim was rejected in Petitioner's state habeas action. In that matter counsel averred: "There were Motions in Limine heard at the trial and the transcript reflects such." (ECF No. 13-36 at 1).

The record of the pretrial hearing on motions in limine indicates defense counsel did "ask the Court not to allow the State to discuss in the presence of the jury the fact that my client was arrested and/or indicted for an attempted capital murder." (ECF No. 12-9 at 12). The only mention of any capital offense during the trial did not indicate Petitioner had been charged with such an offense. (ECF No. 12-12 at 84). Because counsel did properly raise the issue in a motion in limine, his performance was not deficient. Because the jury never heard testimony Petitioner had been charged with a capital offense, he was not prejudiced by counsel's alleged failure. Furthermore, given the weight of the evidence against Petitioner, he is unable to establish

---

[2] In response to the question: " . . . you had just been shot at, you're in fear of your life, why aren't you breaking off the chase?" Deputy Crawford stated: "Because the subject has already committed a capital offense and at that point he's fleeing, attempting to get away, and the subject is a — not only a danger to myself, but a danger to the public and other motorists on the roadway." (ECF No. 12-12 at 84).

prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008) (same). Therefore, the state court's denial of this claim was not an unreasonable application of *Strickland*.

### 5. Ineffective assistance of counsel – juror challenge

Petitioner contends trial counsel was ineffective for failing to challenge a venireperson (Mr. Vega) for cause, because this individual had a family member in law enforcement and had stated he had a personal issue which would prevent him from "paying attention." (ECF No. 1 at 12). This claim was raised and rejected in the state habeas action. (ECF No. 13-35). Counsel's affidavit in the state habeas matter states: "Counsel's handling of juror Vega was a strategic decision made by Counsel in the best interest of the Defendant." (ECF No. 13-36 at 1). The habeas trial court found counsel made a strategic decision to not challenge the seating of Mr. Vega on the jury, and concluded Petitioner was not denied the effective assistance of counsel. (ECF No. 13-35 at 13-14).

Counsel's actions during voir dire are considered a matter of trial strategy. *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Mr. Vega did not state he would be biased or that he had "such fixed opinions" that he could not be impartial. *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002). Mr. Vega did not unequivocally state during voir dire that he could not be fair and impartial. *Compare Virgil v. Dretke*, 446 F.3d 598, 613 (5th Cir. 2006). Because the record indicates Mr. Vega did not demonstrate actual bias, (ECF No. 12-9), counsel's strategic decision to seat Mr. Vega on the jury was not objectively unreasonable. *Morales v. Thaler*, 714 F.3d 295, 305-06 (5th Cir. 2013); *Virgil*, 446 F.3d at 608-09; *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir.

1995). Because counsel made a reasoned strategic decision to allow Mr. Vega on the jury, the state court's denial of this claim was not an unreasonable application of *Strickland*.

### 6. Ineffective assistance of counsel – instruction on reasonable doubt

Petitioner asserts trial counsel was ineffective for failing to request a "beyond a reasonable doubt" instruction on extraneous offenses during the guilt phase of trial and failed to request a "beyond a reasonable doubt" instruction on extraneous offenses during the punishment phase of trial. (ECF No. 1 at 11). He raised these claims in his state habeas action and relief was denied. (ECF No. 13-35 at 11). In that matter counsel explained his "handling of the jury charge and [its] contents were consistent with the strategy of the trial and with agreement of the Defendant." (ECF No. 13-36 at 1). The state habeas court found counsel's statements credible and concluded counsel's performance was not deficient or prejudicial. (ECF No. 13-35 at 13).

The Supreme Court has "specifically command[ed] that a [reviewing] court must indulge the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal quotation marks and brackets omitted). The Fifth Circuit Court of Appeals has recognized counsel's choice to not request an instruction is a matter of strategy and subject to reasonable debate. *See Druery v. Thaler*, 647 F.3d 535, 539-40 (5th Cir. 2011). The record contains sufficient evidence to demonstrate that counsel's strategic decisions fell within the wide range of trial tactics that constitute reasonable assistance. *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009). Petitioner has failed to establish that trial counsel was ineffective for failing to request a reasonable doubt instruction with regard to the extraneous offenses because he has failed to show a reasonable probability that, had this instruction been requested and such a request been granted, he would not have been found guilty.

### 7. Ineffective assistance of counsel – redaction

Petitioner argues trial counsel failed to ensure that the State fully redacted a theft charge from an indictment presented as a State's exhibit during punishment. (ECF No. 1 at 11). This claim was raised and rejected in his state habeas action. (ECF No. 13-135 at 11).

The record indicates counsel properly moved to redact the theft charge from the document admitted during the punishment phase a State's Exhibit Number 71, because there was no proof of conviction on that charge, and the theft charge was redacted from the exhibit shown to the jury. (ECF No. 12-13 at 55-57).[3] Accordingly, because Petitioner has not established that counsel's performance was deficient or that he was prejudiced by this alleged error, the state court's denial of this claim was not an unreasonable application of *Strickland*.

### 8. Ineffective assistance of counsel – mitigation

Petitioner asserts his trial counsel failed to investigate the State's punishment case and failed to present mitigating evidence that Petitioner previously abided by the terms of probation and did well in his previous educational endeavors. (ECF No. 1 at 13-14). He raised this claim in his state habeas action and the claim was denied. (ECF No. 13-35 at 11). In the state habeas action counsel stated he "absolutely investigated and presented any and all mitigating evidence as consistent with the trial strategy as agreed on with the Defendant." (ECF No. 13-36 at 2).

The state court's denial of relief is supported by the transcript of the punishment hearing. (ECF No. 12-13). Counsel did elicit testimony that Petitioner did well in school. (ECF No. 12-13

---

[3] The Reporter's Master Index indicates the trial exhibits are produced in Volume 10 of the Reporter's Record, (ECF No. 12-5 at 2), which does not appear in the record submitted to the Court. Nonetheless, the transcript of the punishment phase indicates the theft charge was redacted from the exhibit prior to the exhibit being provided to the jury.

at 63-65). Petitioner was not eligible for a probated sentence,[4] and had previously had his probation revoked (ECF No. 12-1 at 59); accordingly, counsel's alleged failure to present testimony on the issue of probation was not deficient performance or prejudicial. Furthermore, defense counsel's strategy at punishment was to show Petitioner was immediately remorseful for his actions and that he provided information allowing stolen property to be returned to its owner. Counsel's strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Strickland*, 466 U.S. at 673; *Pape*, 645 F.3d at 289-90. If the "failure" to present mitigation evidence is based on a well-informed strategic decision, it is within the range of professional choices by counsel to which a federal habeas court must defer. *Martinez v. Dretke*, 404 F.3d 878, 890 (5th Cir. 2005); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992); *Ortiz v. Livingston*, 420 F. Supp. 2d 670, 706 (W.D. Tex. 2006).

### 9. Ineffective assistance of counsel – closing argument during punishment

Petitioner argues counsel should have objected when, during closing argument on punishment, the prosecutor told the jury it should impose punishment to "meet the expectations of the community. . ." (ECF No. 1 at 14). Petitioner raised this claim in his state habeas action and the state court denied relief. (ECF No. 13-35 at 11). Counsel's affidavit in the state action indicates: "Throughout the entire trial, Counsel objected consistently to any and all arguments or any other statements by the State that were objectionable in his opinion." (ECF No. 13-36 at 2).

The state court's rejection of this claim was not an unreasonable application of *Strickland*. In closing argument at punishment, the prosecutor told the jury:

---

[4] Petitioner had previously been convicted of theft by the State of Texas, for which he served 17 months in jail, and evading arrest, for which he served 16 months in jail. (ECF No. 12-1 at 59).

> You cannot send [our law enforcement officers] a message that says it's not a big deal if you take a 12,000 pound semi and go up to 90 miles an hour on the slick, wet streets of San Antonio and you shoot at our officers, and you make them believe their next moment they might be dead, you cannot tell this public that that is worth five or ten years. There's absolutely no way.

(ECF No. 12-13 at 95).

Counsel made a strategic decision not to object to this statement during the State's closing argument. Such a strategic decision is virtually unchallengeable in a federal habeas proceeding. *Strickland*, 466 U.S. at 673; *Pape*, 645 F.3d at 289-90. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). The record in this matter indicates defense counsel did not blunder through trial, did put on a supported defense, made all appropriate objections, and thoroughly cross-examined the State's witnesses.

Additionally, counsel's decision with regard to this strategy was not unreasonable. Texas law allows a prosecutor to ask the jury to send a message by its verdict, i.e., to plea for law enforcement; in contrast, argument is improper if it induces the jury to reach a particular verdict based upon the demands, desires, or expectations of the community. *Compare Goocher v. State*, 633 S.W. 2d 860, 864 (Tex. Crim. App. [Panel Op.] 1982), *with Cortez v. State*, 683 S.W. 2d 419, 421 (Tex. Crim. App. 1984). The statements by the prosecutor to which Petitioner objects were proper pleas for law enforcement. Counsel is not ineffective for failing to raise a frivolous

objection. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Moreover, because Petitioner was sentenced to less prison time than the prosecutor sought,[5] he is unable to establish prejudice arising from counsel's alleged failure to object to the prosecutor's statements.

### 10. Ineffective assistance of counsel – extraneous offenses/penalty phase

Petitioner maintains counsel should have requested an instruction requiring the jury to find he committed the "extraneous offenses," i.e., the other crimes committed during the tried offense, beyond a reasonable doubt before the jury could consider them in its sentencing deliberations. (ECF No. 1 at 14-15). The state court denied relief on this claim, finding counsel's "failure" to seek this instruction was a matter of trial strategy. (ECF No. 13-35 at 13).

The state court's denial of relief was not an unreasonable application of *Strickland*. The trial court's finding that the failure to request this instruction was a matter of strategy is a finding of fact entitled to a presumption of correctness by a federal habeas court. "[C]ounsel has wide latitude in deciding how best to represent a client . . ." *Yarborough v. Gentry*, 540 U.S. 1, 5-6, 8 (2003). Counsel's choice of a defense and his strategy in arguing that defense to a jury are "virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice). Counsel's strategy was to admit Petitioner committed the extraneous offenses and focus on the absence of evidence of intent to cause harm to Deputy Crawford. (ECF No. 12-12 at 141-43). Counsel made a strategic decision to focus on whether or not the State had proved the instant crime, primarily whether the State had proved Petitioner knew Deputy Crawford was a law enforcement officer. (*Id.*). Counsel's choice of trial strategy is presumed reasonable and, given the evidence of guilt on the extraneous offenses, the strategy was not

---

[5] The prosecutor asked the jury to assess a sentence of "at least" 50 years, and defense counsel asked the jury to assess a sentence of 10 years. (ECF No. 12-13 at 92, 95).

unreasonable. Additionally, although the "extraneous" offenses were legally separate offenses, they were blended or interwoven with the charged offense. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). Therefore, because the evidence at issue involved "same-transaction contextual evidence," it was not subject to the reasonable-doubt instruction requirement and counsel's performance was not deficient for failing to seek this instruction. *See Lopez v. State*, 515 S.W.3d 547, 552-53 (Tex. App.—Houston 2017, pet. ref'd).

Furthermore, given the evidence of guilt on the extraneous offenses, Petitioner is unable to show that, had the instruction been given, he would not have been found guilty on the charged crime. Petitioner is also unable to establish prejudice because counsel's strategy and efforts resulted in a less-than-maximum sentence. *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008).

### 11. Ineffective assistance of counsel – cumulative error

Petitioner contends he was denied the effective assistance of counsel "by totality," i.e., a claim of cumulative error. (ECF No. 1 at 15). Although Petitioner raised this claim in his state habeas action, (ECF No. 12-42 at 15), the state habeas court did not address this claim when recommending relief be denied. Nonetheless, the claim must be denied because federal habeas relief is only available for cumulative errors that are of a constitutional dimension. *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007); *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir.1997); As previously discussed, none of Petitioner's ineffective assistance claims are meritorious under *Strickland*. Petitioner has not identified errors of counsel of constitutional dimension.

### 12. Trial court error - redaction

Petitioner alleges he is entitled to relief because the trial court failed to ensure the State redacted the theft charge from the State's exhibit presented during punishment. (ECF No. 1 at 15). Petitioner raised this claim in his state habeas action, (ECF No. 12-43 at 1), and the state court rejected relief without addressing this particular claim. (ECF No. 13-35 at 11-14).

The state court's denial of relief was not clearly contrary to or an unreasonable application of federal law. To warrant relief, trial court error must do more than merely affect the verdict, it must render the trial as a whole fundamentally unfair. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Nelson v. Estelle*, 642 F.2d 903, 907 (5th Cir. 1981). A trial court error renders a trial fundamentally unfair if there was a reasonable probability that the verdict would have been different absent the alleged error. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). Because the theft charge was redacted from the exhibit provided to the jury, Petitioner is unable to establish his trial was rendered fundamentally unfair by this alleged error.

### 13. Trial court error – jury instruction on extraneous offenses guilt/innocence

Petitioner asserts the trial court erred by failing to sua sponte instruct the jury that it must find he committed the extraneous offenses beyond a reasonable doubt during the guilt phase of trial. (ECF No. 1 at 15). He raised this claim in his state habeas action, and the habeas trial court found the claim defaulted by his failure to raise the claim in his appeal. (ECF No. 13-35 at 14).

Regardless of any procedural default, the claim may be denied as non-meritorious because, as previously explained, the instruction was not warranted. Additionally, instructional errors may not generally form the basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993); *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). To prove constitutional error cognizable under § 2254, a petitioner must demonstrate the omission of a jury instruction

rendered his trial fundamentally unfair in violation of the due process clause. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977). The omission of a particular instruction is less likely to be prejudicial than a misstatement of the law. *Id.* at 155. Petitioner has not established the alleged error so infected the entire trial that the resulting conviction violated his right to due process. Therefore, because Petitioner fails to show that this alleged error deprived him of due process, relief on this claim must be denied.

### 14. Trial court error – jury instruction on extraneous offense/punishment

Petitioner argues the trial court erred by failing to sua sponte instruct the jury that it must find that he committed extraneous offenses beyond a reasonable doubt during the punishment phase of trial. (ECF No. 1 at 15). He raised this claim in his state habeas action, and the habeas trial court found the claim defaulted by his failure to raise the claim in his appeal. (ECF No. 13-35 at 14). This claim may be denied on the merits, for the reasons cited *supra* with regard to Petitioner's thirteenth claim for relief.

### 15. Trial court error – cumulative error

Petitioner argues he is entitled to federal habeas relief because of the trial court's cumulative errors. (ECF No. 1 at 15-16). Federal habeas corpus relief may only be granted for cumulative errors when: (1) the individual errors involved matters of constitutional dimension; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so infected the entire trial that the resulting conviction violates due process. *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007). Because none of the state trial court's alleged errors involved matters of constitutional dimension or deprived Petitioner of due process, relief on this claim must be denied.

### 16. Ineffective assistance of appellate counsel – *Faretta* claim

Petitioner alleges his appellate counsel was ineffective for failing to assert he was improperly denied his right to self-representation. (ECF No. 1 at 16). He raised this claim in his state habeas action and relief was denied.

To succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his counsel's performance was both deficient and prejudicial. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). To find deficient performance when appellate counsel filed a merits brief, a petitioner must show that "a particular nonfrivolous issue was clearly stronger than issues counsel did present." *Smith*, 528 U.S. at 288. The process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotations omitted). To demonstrate prejudice the petitioner must establish a reasonable probability that, but for his counsel's unreasonable failure to assert a particular claim on appeal, he would have prevailed in the appeal. *Smith*, 528 U.S. at 286; *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006).

The state court's denial of this claim was not an unreasonable application of *Strickland* or *Smith*. As previously explained, Petitioner did not unequivocally invoke his *Faretta* rights and any invocation of that right could legitimately be deemed abandoned. Because such a claim would not have prevailed on appeal, Petitioner is unable to show his appellate counsel's performance was deficient or that he was prejudiced by the alleged failure.

### 17. Trial court error – public voir dire

Petitioner maintains the trial court deprived him of public voir dire by informing counsel there would be no available seats due to number of empaneled veniremen. (ECF No. 1 at 16). He

raised this claim in his state habeas action and the trial court concluded there was no error because the record of the trial did not indicate the public had been excluded from the courtroom. (ECF No. 13-35 at 12).

Section 2254(e)(1) requires that a state court's factual determinations "shall be presumed to be correct." The AEDPA requires this Court to presume the correctness of the state court's factual findings unless Petitioner rebuts this presumption with "clear and convincing evidence." *Lewis v. Thaler*, 701 F.3d 783, 788 (5th Cir. 2012). Petitioner presents no evidence, much less clear and convincing evidence, to support his allegation that he was denied public voir dire. Accordingly, relief on this claim must be denied.

### 18. Ineffective assistance of appellate counsel – trial court errors

Petitioner asserts his appellate counsel was ineffective for failing to appeal the trial court's alleged errors. (ECF No. 1 at 16). Because none of the allegations of trial court error are meritorious, appellate counsel was not ineffective for "failing" to raise these claims and Petitioner is not entitled to relief on this claim. *See Smith*, 528 U.S. at 286; *Moreno*, 450 F.3d at 168.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding " unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme

Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

## Conclusion and Order

Petitioner was not denied the effective assistance of trial or appellate counsel. All of Petitioner's claims of trial court error are without merit. Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his pretrial habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Rodney Joe Garrett, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the _____ day of December, 2018.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**